UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-vs-

DECISION and ORDER

20-CR-6070 CJS/MWP

BYRON M. MOODY,

                Defendant.

_____

      This case was referred by text order of the undersigned, entered May 14, 2020, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 22. On July, 14, 2020, Defendant filed an omnibus motion, ECF No. 31, seeking *inter alia* suppression of various types of evidence, including tangible evidence, statements, identification evidence, and telephone recordings. Also included in these suppression applications are Defendant's motion to suppress evidence derived from search warrants directed to Google and T-Mobile; evidence seized from Defendant's person during a post-arrest search on September 25, 2019, at 7 Kondolf Street; and post-arrest statements made by Defendant at the Public Safety Building on that same date. By letters dated September 29, 2020, and October 7, 2020, ECF No. 41 and 45 respectively, the government indicated that it did not intend to utilize any evidence acquired as a result of the Google and T-Mobile search warrants, nor did it intend to introduce any evidence from the search of Defendant's person on September 25, 2019. Then, at the September 15,

2020, court appearance, ECF No. 39, prior to the start of the evidentiary hearing ordered by Magistrate Judge Payson, the government clarified that it did not intend offer on its direct case post-arrest statements made by Defendant on September 25, 2019, since it conceded that such post-arrest statements resulted from "un-Mirandized" custodial interrogation, ECF No. 47, p. 4, lines 1– 9. Consequently, the tangible evidence remaining at issue are those items seized at 7 Kondolf Street in the city of Rochester on September 25, 2019, pursuant to a state search warrant. In regard to that warrant, Defendant challenges it on the grounds that it was based upon vague and stale information insufficient to support probable cause, that it was not sufficiently particular, and that it improperly authorized a no-knock entry. Moreover, as to that warrant, Defendant maintains that he is entitled to a *Franks* Hearing because the affidavit of Investigator Dennis Gonzalez of the Monroe County District Attorney's Office, submitted in support of the warrant, contained false or misleading assertions. Regarding statements, there remain three sets of statements which Defendant seeks to suppress, all of which were made while he was inside 7 Kondolf Street during the execution of the search warrant.[1] Defendant bases his motion to suppress statements on the grounds that they were "fruit of the poisonous tree" and resulted from custodial interrogation in the absence of the requisite *Miranda* warnings. With respect to his application to suppress identification evidence, Defendant seeks to suppress two identification procedures, both involving the display of a single photograph, on the ground that they were unduly suggestive. As to the recordings which Defendant seeks to suppress, these consist of recorded telephone calls made from

---

[1] The three sets of statements are identified in detail by Magistrate Judge Payson in her R&R, ECF No. 53, pp. 3–6.

the Monroe County Jail, which Defendant maintains must be suppressed, since the police lacked probable cause to arrest him.

On September 15, 2020, Magistrate Judge Payson conducted the previously mentioned evidentiary hearing, ECF No. 39, concerning the circumstances surrounding Defendant's statements. On January 19, 2021, Magistrate Judge Payson filed a Report and Recommendation ("R&R"), ECF No. 53, recommending the following: that Defendant's Defendant's motion for a *Franks* hearing and to suppress tangible evidence be denied; that his motion to suppress statements be denied as to the first and second set of statements and granted as to the third set of statements; that as to Defendant's motion to suppress identification evidence, a non-bifurcated hearing be held near the time of trial; that his motion to suppress recorded telephone calls be denied; and that his application to suppress evidence obtained from the Google and T-Mobile search warrants, his application to suppress evidenced seized from his person on September 25, 2019, and his application to suppress post arrest statements made at the Public Safety Building, all be denied as moot. After obtaining  extensions, ECF Nos. 54 and 55, the government filed on February 12, 2021,  timely filed objections to the R&R, ECF No. 57. Likewise, Defendant, after obtaining extensions, ECF Nos. 54, 55, and 56,  filed on February 17, 2021, timely objections to the R&R, ECF No.58.

In its filing, the government objects to Magistrate Judge Payson recommendation that Defendant's third set of  statements be suppressed, disagreeing with her conclusion that Sergeant Genier's response to Defendant's suggestion that officers "call the goons off" was reasonably likely to produce an incriminating response. In his filing, Defendant objects to Magistrate Judge Payson recommendation that his motion for a *Franks* hearing be

denied, objects to her recommendation that his motion to suppress tangible evidence; be denied, and objects to her recommendation that his motion to suppress his first and second st of statements be denied.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Th Court has now conducted such *de novo* review of the R&R, including a review of the transcript of the evidentiary hearing held on September 15, 2020, ECF No. 47, as well as consideration of Exhibits # 1 and 2 (photographs), Exhibit # 3 (an interview form), and Exhibit # 4 (a body cam video), all of which were received into evidence. The Court has also considered the objections of the government to the R&R, ECF No. 57, and the objections of Defendant to the R&R, ECF No. 58. Upon *de novo review,* the Court accepts the proposed findings and recommendations of Magistrate Judge Payson.

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, ECF No. 53, Defendant's motion for a *Franks* hearing is denied; his motion to suppress tangible evidence is denied; his motion to suppress the first set of statements is denied; his motion to suppress the second set of statements is denied[2]; his motion to suppress the third set of statements is granted; the Court reserves on his motion to suppress identification evidence, pending a non-bifurcated hearing be held near the time of trial;

---

[2]Of course, even though the Court has determined that Defendant's first and second set of statements did not violate *Miranda*, their admission at trial must comport with Fed. R. Evid. 401 (Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.) and with Fed. R. Evid. 403 (The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

his motion to suppress recorded telephone calls is denied; his motion to suppress evidence obtained from, the Google search warrant is denied as moot; his motion to suppress evidence obtained from, the T-Mobile search warrant is denied as moot his motion to suppress evidenced seized from his person on September 25, 2019 is denied as moot; and his motion to suppress post- arrest statements made at the Public Safety Building is denied as moot.

IT IS SO ORDERED.

Dated:   Rochester, New York
         March 19, 2021,

                    ENTER:


                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge